UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                     <u>DECISION AND ORDER</u>

                                                     11-CR-6116L

               v.

JAMES KIMBLE,

                        Defendant.
_____

      Defendant James Kimble ("Kimble") is charged in a one-count indictment with failure to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA" or "the Act") which was enacted in July 2006. Kimble was sentenced for rape in Monroe County Court in March 1983. He completed his sentence and initially registered in New York State. He left New York, though, and moved to Florida and the violation for failing to register occurred between April 2009 and January 2010.

      Kimble is a pre-Act offender, that is, he was convicted of his sex offense prior to enactment of SORNA in 2006. The issue raised is whether the Act and its requirements apply to Kimble.

      This Court referred all pretrial motions to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Kimble filed several motions which are now before the Court for decision. The first, is a motion to dismiss the indictment based on several challenges to SORNA as it applies to Kimble, a pre-Act offender. Kimble also moves to suppress statements made to law enforcement officers in Florida in January 2010 when he was arrested there. The Government and Kimble filed several memoranda on these issues, especially the challenge to

SORNA. Memoranda were also submitted concerning the affect that the recent Supreme Court case, *Reynolds v. United States,* 132 S. Ct. 975 (2012), might have on Kimble's motion.

Magistrate Judge Feldman issued a lengthy and thorough 31-page Report and Recommendation (Dkt. #41) recommending that Kimble's motion to dismiss be denied in all respects and that his motion to suppress statements also be denied. Kimble duly filed an objection to the Magistrate Judge's Report and Recommendation (Dkt. #46).

Objections having been made to the Magistrate Judge's Report and Recommendation, this Court must review the matters at issue *de novo.* This Court has reviewed the Report and Recommendation, the objections, as well as all prior papers filed in the case. In addition, the oral argument before Magistrate Judge Feldman was recorded and has been made available for this Court's review.

After reviewing these matters, I accept and adopt the Report and Recommendation of Magistrate Judge Feldman. I find no basis to reject or modify those recommendations and, therefore, I deny defendant Kimble's motion to dismiss the indictment and to suppress statements.

Magistrate Judge Feldman carefully considered the several issues advance by Kimble challenging SORNA. He did so in light of the Supreme Court's *Reynolds* decision which held that SORNA did not apply automatically to pre-Act offenders. Pre-Act offenders, according to *Reynolds,* are not required to register until the Attorney General of the United States "validly specifies that the Act's registration provisions applied to them." 132 S. Ct. at 980.

Kimble challenged the Act on several grounds: that it was unconstitutionally vague, that it violated Kimble's due process rights and that the Attorney General's specifications failed to comply with the Administrative Procedures Act ("APA").

Magistrate Judge Feldman dealt with each challenge in a careful and thorough manner. I believe he carefully analyzed the facts and relevant case law, and I believe his conclusions sustaining the Act and its applicability to Kimble are correct. I agree with his reasoning that the Act is not void and also agree that although the registration requirements do not apply to pre-Act offenders until the

Attorney General so specifies, that specification was made here and, therefore, the Act's requirements apply to Kimble.

The Magistrate Judge discussed both the Attorney General's "interim rule" making SORNA effective immediately, but also the Attorney General's May 30, 2007 published Guideline from the Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking Guidelines ("SMART Guidelines"). The Magistrate Judge cited ample authority that these SMART Guidelines were sufficient and effective in making SORNA's provisions applicable to pre-Act offenders. He cited numerous cases from other circuits so holding, especially the Sixth Circuit's decision rejecting arguments similar to Kimble's that the SMART Guidelines are not effective. *See United States v. Stevenson,* 676 F.3d 557 , 563-66 (6th Cir. 2012). The Magistrate Judge quoted that Circuit Court's decision, and he concluded that the reasoning of the Sixth Circuit was sound and he adopted it. I do so as well. I agree with the reasoning of *Stevenson* and find that the SMART Guidelines established that SORNA became effective in 2008. This effective date was, of course, well before the actions of Kimble from April 2009 to January 2010, when he allegedly failed to update his SORNA registration. Therefore, I accept the recommendation of the Magistrate Judge as to all matters set forth in his Report and Recommendation concerning SORNA and deny the motion to dismiss.

Defendant also moved to suppress oral statements that he made to Sarasota, Florida police officers when he was arrested there on January 11, 2010. The facts establish, and the Magistrate Judge found, that Kimble was in custody and was subjected to custodial interrogation. It is also not disputed that Kimble did receive his *Miranda* warnings and that he initially waived the rights under *Miranda.*

The issue framed was whether Kimble invoked his right to an attorney at some time during the interrogation but, in spite of that invocation, continued to be questioned by police officers without counsel.

The Magistrate Judge carefully discussed all the facts surrounding Kimble's interrogation, which are not disputed. At some point, after a period of questioning about a cold case homicide, Kimble stated: "maybe I do need an attorney then because if you're placing the blame somewhere." (Report and Recommendation, p. 6). The officers continued to talk with Kimble, and he never again mentioned an attorney. In fact, the Magistrate Judge found that Kimble never stated that he wanted a lawyer, that he wanted the detectives to get him a lawyer, or that he no longer wished to speak to the detectives without a lawyer. In sum, the Magistrate Judge found, and I agree, that Kimble's statement was not an unambiguous request for counsel. The Magistrate Judge cited United States Supreme Court authority, *Davis v. United States,* 512 U.S. 452, 459 (1994) and circuit authority, *Diaz v. Senkowski,* 76 F.3d 61, 63, 65 (1996) that a suspect must unambiguously request counsel before questioning by the police must cease. Ambiguous or equivocal statements do not preclude the police from continuing their questioning. I believe the facts here support the Magistrate Judge's conclusion that Kimble did not sufficiently invoke his right to counsel and, therefore, I accept the Report and Recommendation and deny Kimble's motion to suppress.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #41) of United States Magistrate Judge Jonathan W. Feldman. I deny defendant's motion to dismiss the indictment (Dkt. #15) and his motion to suppress statements (Dkt. #20).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 26, 2012.